**Siegfried WACHTEL et ux., Plaintiffs,**

**v.**

**Bryce WEST et ux., Defendants.**

**Civ. A. No. 1115.**

United States District Court,
E. D. Tennessee,
Winchester Division.

June 15, 1972.

Thomas E. Watts, Jr., Butler, Mc-Hugh, Butler, Tune & Watts, Nashville, Tenn., for plaintiffs.

J. Stanley Rogers, Garrett, Shields, Rogers & Parsons, Manchester, Tenn., for defendants.

## MEMORANDUM OPINION

NEESE, District Judge.

This is an action of first impression, by which the plaintiffs Mr. and Mrs. Wachtel seek money damages from the defendants Mr. and Mrs. West under the Truth-in-Lending Act. 15 U.S.C. § 1601 et seq. The defendants have moved to dismiss the action for failure to state a claim on which relief can be granted, Rule 12(b) (6), Federal Rules of Civil Procedure, in that the action is barred by the applicable statute of limitation. 15 U.S.C. § 1640(e).

The facts, as they appear from the pleadings, are that Mr. and Mrs. Wach-

tel borrowed money on consumer credit from Mr. and Mrs. West on October 28, 1970; and that such creditors failed to make the disclosures required by 15 U.S.C. § 1631(a) at the time of the loan transaction and had not done so when this action was commenced. It is patent that 15 U.S.C. § 1640(e) limits actions for the damages provided for under 15 U.S.C. § 1640, which may be brought in a United States district court or other court of competent jurisdiction, to " * . * * one year from the date of the occurrence of the violation." Mr. and Mrs. Wachtel claim that the defendants' failure to disclose under the Truth-in-Lending Act is a continuing violation thereof, and that the aforementioned one-year period did not begin to run until the borrowers notified the creditors of their (the borrowers') intention to rescind the loan agreement.

There is nothing in the Truth-in-Lending Act or its legislative history, U.S.Code Congressional and Administrative News, 90th Congress, 2d Session, (1968) p. 1962, et seq., which specifically defines the point at which such "violation" thereunder occurs. However, the Act itself appears to contemplate that "a violation" occurs at the moment a loan transaction is consummated; accordingly, that the limitation of 15 U.S.C. § 1640(e) commences to run at that moment. As has been observed:

> * * * [T]he Act requires that 'each creditor shall disclose clearly and conspicuously, in accordance with the regulations of the Board, to each person to whom consumer credit is extended and upon whom a finance charge is or may be imposed, the information required under this part.' 15 U.S.C. § 1631(a). For failure in connection with any consumer credit transaction to disclose to any person information required by 15 U.S.C. § 1638(a), the Truth-In-Lending Act imposes on such creditor civil liability, 15 U.S.C. § 1640 * * *.

Mourning v. Family Publications Service, Inc., C.A. 5th (1971), 449 F.2d 235, 240. It is the opinion of this Court that the violation which gives rise to the cause of action *sub judice* occurred on October 28, 1970, the date Mr. and Mrs. West extended consumer credit to Mr. and Mrs. Wachtel, and on which date such creditors failed to disclose clearly and conspicuously, in accordance with the pertinent regulations, the information required under the Act.

" * * * [A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. * * *" Conley v. Gibson (1957), 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 [4]. It is undisputed that the consumer credit involved was extended on October 28, 1970. This action was commenced, as this Court judicially notices, on April 25, 1972. This was obviously one year, five months, and 28 days after the violation of the Truth-in-Lending Act by Mr. and Mrs. West occurred. It thus appears beyond doubt that Mr. and Mrs. Wachtel can prove no set of facts in support of their claim against Mr. and Mrs. West which would entitle the plaintiffs to relief.

Having such view of the matter, this Court hereby grants the defendants' motion of May 16, 1972, and the plaintiffs hereby are denied all relief. Rule 58(1), Federal Rules of Civil Procedure.