Ivy Paul MUNN and Marjorie Munn,
Plaintiffs,

v.

AMERICAN GENERAL INVESTMENT
CORP. et al., Defendants.

Civ. A. No. 72–H–1364.

United States District Court,
S. D. Texas,
Houston Division.

May 17, 1973.

David H. Burrow, Helm, Jones & Pletcher, Houston, Tex., Herbert L. Hooks, Hooks, Wyrick, Rodehaver & Walker, Dallas, Tex., Murray Cohen Otto Pluess, III, Don Porter, Oklahoma City, Okl., for plaintiffs.

Donald K. Eckhardt, Haynsworth, Reynolds, Steber, Eckhardt & Graml, Houston, Tex., for Surety Savings Ass'n.

Charles N. Goldberg, Houston, Tex., for Affiliated Capital Corp.

Andrew D. DiFiore, Houston, Tex., for Buffalo Savings & Loan Ass'n.

Robert J. Adam, Adam, Adam & Hancock, Houston, Tex., for Northwest Savings Ass'n.

T. Turner Pope, Kamp, Laswell & Pope, Houston, Tex., for Heights Savings Ass'n.

Bert T. McDaniel, Houston, Tex., for Drew Mortgage Co.

Charles N. Warren, Ewing, Ewing, Carter, Wight & Woodfill, Nevada, Mo., and Robert F. Middleton, Stalcup, Johnson & Williams, Dallas, Tex., for Farm & Home Savings Ass'n.

Robert H. Fisher, Carl, Lee & Fisher, Houston, Tex., for O. Dean Couch, Jr., d/b/a Couch Mortgage Co. & Home Savings Ass'n.

Barney L. Knight, Monteith, Baring & Nester, Houston, Tex., for Gibraltar Savings Ass'n.

William J. Merrill, Kelley, Ryan & Merrill, Houston, Tex., for Kinghorn, Driver & Co.

L. S. Carsey and William H. Young, Fulbright, Crooker & Jaworski, Houston, Tex., for First Western Mtge. Corp., Gulf Coast Investment Corp., Glenn Justice Mtge. Co., Inc., Kassler & Co., Mtge. & Trust Inc., Ryan Mtge. Co., Bill Skinner Mtge. Co., South Texas Mtge. Co., United Mtge. Co. of Texas, Colonial Savings Assoc., First Federal Savings & Loan Ass'n of Seabrook, University Savings & Loan Ass'n, Bank of the Southwest.

David T. Harvin and John B. Holstead, Vinson, Elkins, Searls, Connally & Smith, Houston, Tex., for American General Investment Corp., First Continental Mtge. Co., First Mtge. Co. of Texas, Inc., Holland Mtge. & Investment Corp., Modern American Mtge. Corp., Moroney Beissner Mtge. Co., Clear Lake

Savings Ass'n, San Jacinto Savings Ass'n, American Mtge. Co., Spring Branch Savings & Loan Mtge. Investment Corp.

James P. Bailey, Dyche, Wright, Sullivan, Bailey & King, Houston, Tex., for Houston First Savings Ass'n.

Thomas F. Lay, Pasadena, Tex., for Southmore Savings Ass'n.

Charles L. Price, Baker, Heard & Price, Houston, Tex., for Southwestern Savings Ass'n.

Sam J. Brown, III, Lee, Brown, Moss, Rigg & Ywlie, Houston, Tex., for American Savings & Loan Ass'n.

### MEMORANDUM AND ORDER

CARL O. BUE, Jr., District Judge.

In this class action the plaintiffs seek an accounting, damages and injunctive relief for alleged (1) violations of the Consumer Credit Protection Act (Truth in Lending Act), 15 U.S.C. §§ 1601, 1605, 1636, 1639, 1640; (2) violations of the Sherman Anti-Trust Act, 15 U.S.C. §§ 1, 2, 3; (3) unjust enrichment; and (4) breach of contract. The class of plaintiffs is composed of all persons in the Houston metropolitan area who have obtained a loan secured by a deed of trust on real property from one of the class of forty defendant lending institutions.[1] Jurisdiction is predicated on 15 U.S.C. §§ 15, 26, 1640(e) and 28 U.S.C. § 1337.

Specifically, the plaintiffs attack the propriety of certain lending practices of the defendants. First, it is asserted that the defendant lending institutions have failed to carry out a statutory duty to deduct certain escrow payments from unpaid principal debt balances when calculating the interest owed by plaintiffs and that the defendants have failed to pay interest on these escrow payments. It is further asserted in this regard that defendants have failed to disclose the annual percentage rate of interest on loans as well as the fact that the escrow payments do not bear interest as required by the Truth in Lending Act. Second, it is asserted that defendants have conspired to restrain trade by uniformly adopting and maintaining the escrow system and that they have established certain tie-in arrangements whereby the defendants refuse to advance loan funds without pre-payment of escrow payments in direct violation of the federal antitrust laws, 15 U.S.C. §§ 1, 2, 3. Third, it is asserted that defendants have abused their fiduciary duties owed to the plaintiffs and, as a result, have been unjustly enriched in collecting the escrow payments. It is also asserted that the defendants have breached their various agreements with plaintiffs which required that all sums paid by plaintiffs be applied to interest.

In a direct attack on the propriety of plaintiffs' cause of action, the defendants have filed various motions to dismiss for lack of jurisdiction and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b), Fed.R.Civ.P. The defendants also seek a determination of the propriety of the class action pursuant to Rule 23, Fed.R.Civ.P.

A careful scrutiny of the applicable law reflects that the plaintiffs' contentions predicated on violations of the Truth in Lending Act must fall far short of their intended target. The uniform practice of not crediting the escrow payments against principal is not violative of the Truth in Lending Act.[2] It is well established that escrow payments for taxes and insurance are not required to be included in the computation of the annual percentage rate on the indebtedness. Similarly, it is established that the defendants' practices have not violated any disclosure requirements of the Act. Stavrides v. Mellon National Bank & Trust Co., 353 F.Supp. 1072 (W.D.Pa.1973); Williams v. American Savings Association, CA-3-6350-D

---

1. There were originally 43 defendants but by prior orders 3 of these defendants have been dismissed from this cause.

2. *See*, Comment, The Mortgage Banking Process and Single-Family Residence Loans, 7 Hous.L.Rev. 70 (1969).

(N.D.Tex., March 26, 1973). These decisions are precisely in point, and, therefore, must control the disposition of these claims for relief.

■ Further, it is readily apparent that the named plaintiffs' cause of action which was filed on October 4, 1972, and which complains of a loan transaction consummated on June 4, 1971, is barred by the one year statute of limitations codified within the Truth in Lending Act, 15 U.S.C. § 1640(e). *See* Stavrides v. Mellon National Bank & Trust Co., 353 F.Supp. 1072 (W.D.Pa.1973); Wachtel v. West, 344 F.Supp. 680 (E.D. Tenn.1972).

■■ In reference to the antitrust claims the plaintiffs have made barebone allegations of impropriety on the part of the various defendants in conspiring to restrain trade and establishing certain tie-in arrangements. Viewing the present state of the pleadings, the Court is unable to state with reasonable certainty that "it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief." Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). *See* Singleton v. Foreman, 435 F.2d 962, 968 (5th Cir. 1970). However, it is clear that in order to be actionable this claim for relief must be stated with more specificity. *See* Stavrides v. Mellon National Bank & Trust Co., 353 F.Supp. 1072 (W.D.Pa.1973); Nelson Radio & Supply Co. v. Motorola, 200 F.2d 911 (5th Cir. 1952), cert. denied, 345 U.S. 925, 73 S.Ct. 783, 97 L.Ed. 1356 (1953). *See also* Northern Pacific Ry. v. United States, 356 U.S. 1, 78 S.Ct. 514, 2 L.Ed. 2d 545 (1957); Washington Gas Light Co. v. Virginia Electric and Power Co., 438 F.2d 248 (4th Cir. 1970). As a result, the plaintiffs shall be given an opportunity to state with particularity the alleged violations of the antitrust laws.

■■ As to the state claims of unjust enrichment and breach of contract the Court concludes that it is without the prerequisite pendent jurisdiction to entertain these claims.[3] Viewing the factual situation as pleaded liberally, it is abundantly clear that the federal and non-federal grounds for relief do not "derive from a common nucleus of operative facts." United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966); Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933); Stavrides v. Mellon National Bank & Trust Co., 353 F.Supp. 1072 (W.D.Pa.1973); 1 W. Barron & A. Holtzoff, Federal Practice and Procedure § 23 (Wright Ed. 1961).

The propriety of the asserted class action pursuant to Rule 23, Fed.R.Civ.P., will be carried along with this cause pending the amendment of the complaint and subsequent determination by the Court of the viability of the antitrust claim for relief.

Accordingly, defendants' motions to dismiss the claims predicated on the Truth in Lending Act and related pendent state claims for lack of jurisdiction and failure to state a claim upon which relief can be granted are granted. Defendants' motions to dismiss the claim predicated on violation of the antitrust laws for lack of jurisdiction and failure to state a claim upon which relief can be granted are denied at this time subject to their reassertion after plaintiffs have had an opportunity to amend their complaint. Plaintiffs shall file an amended complaint within fifteen (15) days. In the event plaintiffs fail to amend their complaint and state with particularity the alleged antitrust violations, this claim for relief will be promptly dismissed.

3. Plaintiffs have not alleged subject matter jurisdiction as a result of diversity of citizenship pursuant to 28 U.S.C. § 1332. Plaintiffs' reference to 28 U.S.C. § 1337 in their complaint does not confer jurisdiction over these claims. *See* B. F. Goodrich Co. v. Northwest Industries, Inc., 424 F.2d 1349, 1354 (3d Cir. 1970), cert. denied, 400 U.S. 822, 91 S.Ct. 41, 27 L.Ed.2d 50 (1971); Baker v. Riss & Co., 444 F.2d 257, 260 (8th Cir. 1971).