**Paul UMDENSTOCK et al., Plaintiffs-Appellants,**

v.

**AMERICAN MORTGAGE & INVESTMENT CO. OF OKLAHOMA CITY et al., Defendants-Appellees.**

**No. 73–1456.**

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Jan. 23, 1974.

Decided April 22, 1974.

Murray Cohen, Oklahoma City, Okl. (Cohen & Pluess, and Don Porter, Oklahoma City, Okl., on the brief), for plaintiffs-appellants.

Lynn J. Bullis, Jr., Oklahoma City, Okl. (Monnet, Hayes, Bullis, Thompson & Edwards, and James M. Robinson, Henry F. Featherly, Lamun, Mock, Featherly & Baer, Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, V. P. Crowe, D. Kent Meyers, Harry A. Woods, Jr., William G. Paul, Lytle, Soule & Emery, and James C. Chandler, Oklahoma City, Okl., on the briefs) for defendants-appellees.

Before BREITENSTEIN, McWILLIAMS and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Plaintiffs-appellants brought this class-action suit against a number of financial institutions, and asserted various claims all based on the non-payment of interest on funds escrowed to pay taxes, assessments, and insurance on

mortgaged property. The trial court refused to permit the suit to be maintained as a class action, gave summary judgment to the defendants on each claim, and dismissed the action.

The complaint alleges five claims, (1) breach of trust, (2) unjust enrichment, (3) violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq., and particularly § 1636, by the lenders in sending periodic statements to the borrowers which misstate the annual percentage rate of the loan and fail to disclose that the escrows bear no interest, (4) violation of the same Act, particularly 15 U.S.C. § 1631, by the lenders in extending new credit with misstatement of the annual percentage rate and concealment of the non-interest bearing nature of the escrow accounts, and (5) conspiracy by the defendants to restrain and monopolize interstate trade in violation of the Sherman Act, 15 U.S.C. §§ 1, 2, and 3. After partial discovery, 24 defendants successfully moved for summary judgment and the trial court dismissed the action.

Plaintiffs-appellants Paul and Janice Umdenstock in January, 1971, borrowed $31,500 from defendant Oklahoma City Federal Savings & Loan Association and gave a first mortgage on their home as security. Under a contemporaneously executed contract the borrowers were required to pay monthly, in addition to the mortgage payments, 1⁄12th of the yearly taxes, assessments, and insurance due on the mortgaged property. These so-called escrow payments go into a non-interest bearing escrow account and are commingled with other funds of the lender for profit-making purposes. Lender properly and regularly applies the escrows to the payment of taxes, assessments, and insurance when due. The annual percentage rate of the loan is not calculated with reference to the fact that the lender holds the escrows without the payment of interest thereon. Mr. Umdenstock testified on deposition that at a 5% interest rate his damages for a given year would be about $25.00.

Plaintiff-appellant Jolly in April, 1964, borrowed $8,200 from Maxwell Mortgage Company and mortgaged her home as security. The Jolly loan is FHA secured, and the mortgage is on a printed FHA form which calls for monthly escrow payments similar in all important respects to those of the Umdenstocks. Maxwell Mortgage apparently assigned the loan and mortgage to defendant Finance Corporation and Mrs. Jolly makes her monthly payments to that company. Mrs. Jolly estimated that at a 5% interest rate her annual loss would be about $3.50.

Plaintiffs say that they bring a class action "on behalf of all persons in the Oklahoma City metropolitan area who have borrowed money secured by a first lien on their homes from any of the defendant lending institutions * * *." The trial court found that those "similarly situated" exceed 100,000 single family loans. Defendants-appellees are all lending institutions having a principal place of business in Oklahoma County, Oklahoma.

■ The Truth in Lending Act does not support the plaintiffs. It requires certain disclosures both when consumer credit is extended and, if the lender chooses to send periodic statements, when they are sent. Among the required disclosures are the finance charge and the annual percentage rate. See 15 U.S.C. §§ 1636 and 1639. The finance charge is the sum of all charges payable by the debtor. 15 U.S.C. § 1605. Excluded from the finance charge are escrows payable in connection with the extension of credit secured by an interest in realty. 15 U.S.C. § 1605(e)(3). The annual percentage rate is the finance charge expressed as a percentage figure. See 15 U.S.C. §§ 1606 and 1639(a)(5). Nothing in the Act requires disclosure of the non-interest bearing nature of escrow accounts.

■ Because the annual percentage rate is based entirely on the finance charge, and escrows are exempted in the

computation of the finance charge, the escrows need not be computed into the annual percentage rate. Stavrides v. Mellon National Bank & Trust Company, 3 Cir., 487 F.2d 953, 955; Foster v. Maryland State Savings & Loan Association, D.C., 369 F.Supp. 843, 847–848; and Munn v. American General Investment Corp., S.D.Tex., 364 F.Supp. 110, 112–113. This accords with administrative interpretation of the Act. Regulation Z of the Federal Reserve Board, 12 C.F.R. § 226.4(e)(3), specifically excludes escrow amounts from the finance charge in real estate transactions. See also Stavrides, supra, 487 F.2d at 956 n. 4.

Because Claims 3 and 4, based on the Truth in Lending Act, are without merit, we need not consider ancillary matters such as the propriety of a class action and the applicability of any statute of limitations. Summary judgment on Claims 3 and 4 was proper.

Claim 5 is based on the Sherman Act. Plaintiffs charge that the defendants conspired to act in concert in changing the manner of handling payments on account of taxes, assessments, and insurance, from that previously used to the escrow method, and that they fraudulently concealed the changes made. In granting summary judgment on this claim the trial court said that on the record presented some defendants never changed their method of handling escrow payments, and that those which did change did so individually and without any concert of action.

■ The first amended complaint was filed on October 10, 1972. On December 21, 1972, the trial court stayed all discovery until after determination of jurisdiction. At that time the only discovery by plaintiffs had been the filing of interrogatories. The anti-trust portion of the complaint is inartfully drawn, uses conclusory terms, and omits specific factual allegations. However, it does allege that parallel behavior of defendants is a result of a shift from previously divergent behavior. This is enough to give defendants proper notice of the claim asserted. Kinee v. Abraham Lincoln Federal Savings & Loan Ass'n, E.D.Pa., 365 F.Supp. 975, 980–981.

■■ Summary judgment is not favored in anti-trust litigation because proof is largely in the defendants' hands, Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 473, 82 S.Ct. 486, 7 L.Ed.2d 458, but it may be granted if, after adequate opportunity for discovery, the requirements of Rule 56, F.R.Civ.P., are satisfied. See First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 284–290, 88 S.Ct. 1575, 20 L.Ed.2d 569; Clark v. United Bank of Denver National Association, 10 Cir., 480 F.2d 235, 240, cert. denied 414 U.S. 1004, 94 S.Ct. 360, 38 L.Ed.2d 240; and Semke v. Enid Automobile Dealers Association, 10 Cir., 456 F.2d 1361, 1371. In each of the cited cases there was adequate opportunity for discovery. In the instant case there was not. The stay order prevented plaintiffs from discovery which might develop facts to support their claim of "conscious parallelism." See Theatre Enterprises, Inc. v. Paramount Film Distributing Corp., 346 U.S. 537, 541, 74 S.Ct. 257, 98 L.Ed. 273. On the record presented we cannot say with certainty that plaintiffs can prove no facts which would entitle them to the requested relief. See Rule 56, F.R.Civ. P., and Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80.

The summary judgment on the anti-trust claim cannot be upheld. We express no opinion on the merits of this claim, or of any defenses thereto, or of the propriety of a class action based thereon. On remand the plaintiffs should be given an opportunity to amend this claim if they so desire and to conduct reasonable discovery.

■ Claims 1 (breach of trust) and 2 (unjust enrichment) can be considered only on the basis of pendent jurisdiction because no other basis is alleged. The exercise of pendent jurisdiction requires that the federal and nonfederal claims " * * * derive from a common nucle-

us of operative fact." United Mine Workers of America v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218. The exercise of jurisdiction is discretionary. 383 U.S. at 726, 86 S.Ct. 1130. No matter how liberally we treat the complaint, its allegations are insufficient to show a common nucleus of the non-federal claims and the federal anti-trust claim. The trial court did not abuse its discretion in dismissing Claims 1 and 2. Munn v. American General Investment Corp., S.D.Tex., 364 F.Supp. 110, 113; and Kinee v. Abraham Lincoln Federal Savings & Loan Ass'n, E.D.Pa., 365 F.Supp. 975, 978–979.

The judgment is affirmed as to Claims 1, 2, 3, and 4. As to Claim 5, the anti-trust claim, the judgment is reversed and the case remanded for further consideration of this claim in the light of this opinion. Each party shall bear his own costs.