JEWELL et ux, *Respondents,*

*v.*

COMPTON et ux, *Appellants.*

(SC 24520)

559 P2d 874

Richard N. Compton, Portland, pro se for the petition.

No appearance contra.

Before Denecke, Chief Justice, and McAllister, O'Connell, Tongue, Howell, Bryson and Bohannon, Justices.

BOHANNON, J. (Pro Tempore).

**BOHANNON, J.** (Pro Tempore).

In our original opinion we held that on the record before us the trial court's judgment must be affirmed because the findings of fact supported the judgment. The trial court held that the burden was on the defendants to establish the allegations of their counterclaim and found that:

> "Both the value of the services and their application to the note are vigorously disputed, and the Court cannot say that these issues have been established by a preponderance of the evidence."

This finding cannot be interpreted as a determination that no valuable services by defendants were established, as plaintiffs have admitted that defendants performed services of the value of at least $500.[1] The trial court apparently thought it unnecessary to deal with this admission because of the additional finding that there was no agreement that the value of defendants' services was to be credited against the amount due on the note. In our original opinion we did not mention this matter of $500, and defendants have filed a petition for rehearing contending, among other things, that they are entitled to a setoff of $500.

■ In *Rogue River Management Co. v. Shaw,* 243 Or 54, 58-59, 411 P2d 440 (1966), we discussed the distinction between recoupment and setoff:

> "* * * Recoupment is confined to matters arising out of and connected with the transaction upon which the action is brought. * * *

---

[1] The amended reply contains the following allegations:

"The maximum reasonable value of the total work ever performed by the defendants for the plaintiffs pursuant to the general agreement referred to above was approximately $500.00 * * *.

"* * * * *.

"The reasonable value of the work performed by plaintiffs for defendants at the special instance and request of defendants as set forth above, was $5,200, for an indebtedness of defendants to plaintiffs over and above the value of the work done by defendants for plaintiffs in the net amount of $4,700 * * *."

The trial court made no finding on whether the plaintiffs had carried their burden of proving these affirmative allegations.

" 'Set-off' is not synonymous with recoupment only in that it is a 'money demand by the defendant against the plaintiff arising upon contract and constituting a debt *independent of and unconnected with the cause of action* set forth in the complaint.\* \* \* ' \* \* \*" (Emphasis in original.)

Although the arrangement for an exchange of services, as alleged in the counterclaim and the reply, would not support a claim for recoupment because that exchange of services was not part of the transaction in which the note was given, it might well support a claim for setoff.

The distinction is important in this case because the trial court also held that the statute of limitations would be a bar to defendants' counterclaim. Defendants contend that finding was contrary to the law as announced in our prior decisions. We do not agree.

The general rule is stated as follows in Annotation, Claim Barred by Limitation as Subject of Setoff, Counterclaim, Recoupment, Cross Bill or Cross Action, 1 ALR2d 630, 634:

"In most jurisdictions the effect of statutes of limitation, absent [statutory] provisions to the contrary, and subject to such exceptions as are recognized in regard to recoupments and claims in the nature thereof or comparable thereto, is that whatever would be barred by limitations if separately asserted is not, on proper plea being made against it, available as a setoff or counterclaim \* \* \*."

In the cases cited by defendants, the matters alleged in a counterclaim, and held not barred by the statute of limitations, were appropriate as recoupment rather than setoff. *See Dixon et ux v. Schoonover et ux,* 226 Or 443, 359 P2d 115, 360 P2d 274 (1961); *Wright et ux v. Hage et ux,* 214 Or 400, 330 P2d 342 (1958); *Caples v. Morgan,* 81 Or 692, 160 P 1154 (1916). We have found no Oregon case holding that the statute of limitations does not apply to a claim of setoff, as distinct from recoupment.

■ In *Gibbins v. Kosuga*, 121 NJ Super 252, 258, 296 A2d 557, 560-61 (1972), the court observed:

"* * * The fact that recoupment seeks the reduction of a claim because of an offsetting claim arising out of exactly the same transaction would seem in logic and in equity to justify treating it differently than a set-off which seeks a reduction because of an offsetting claim arising out of a totally unrelated transaction. To hold differently would be to permit the inequity of one party to a transaction demanding full performance from the other while refusing to perform fully itself."

Equitable considerations do not require, however, that parties who become adversaries in litigation be permitted, in violation of the policies underlying the statutes of limitation, to litigate all prior transactions which have taken place between them.

■ We hold, therefore, that if defendants were otherwise entitled to a setoff in the amount of $500, the trial court was correct in concluding that the statute of limitations could be invoked by plaintiffs. *Francisco v. Francisco,* 120 Mont 468, 191 P2d 317 (1948), supports our conclusion. As the trial court found as a fact that the period of limitation had expired, the judgment must be affirmed.

Although we have considered the other contentions raised in the petition for rehearing, they do not require discussion in this opinion.

Former opinion modified; petition for rehearing denied.