**PUBLIC FINANCE SERVICE OF CENTRAL MIAMI, Inc. v. MIXON, et ux.**

No. 76-6586 CC 05.

County Court, Dade County.

April 16, 1979.

Carl L. Laks, Miami, for the plaintiff.

Lester C. Wisotsky, Legal Services of Greater Miami, for the defendants.

SIDNEY L. SEGALL, County Court Judge.

Plaintiff brought this action to recover the balance allegedly due on a promissory note executed by defendants November 6, 1973. Defendants failed to pay several installment payments under the note when due, and plaintiff and defendants have filed motions for summary judgment.

Defendants have filed an answer and affirmative defense, asserting, inter alia, Truth in Lending Act violations by the creditor in the subject transaction involving a loan evidenced by the note sued upon herein.

The note and the pleadings filed herein disclose that the suit was brought in September, 1976, and in March of 1978 defendants were granted leave by the court to amend their answer, setting forth the Truth in Lending violations by the plaintiff.

The pivotal issue to be determined by the court at this posture of the proceeding is a question of law only. That question can be simply stated as follows —

> *Are the defendants barred by the Federal Truth in Lending Act from asserting a defense against the plaintiff for alleged violation of said act by plaintiff where the defense is raised by a pleading in the nature of recoupment more than one year after the alleged violation?*

The Federal Truth in Lending Act, 15 U. S. C., Sec. 1601, et seq., provides, in part —

"Any action under this section [civil liability for violation of the TILA] may be brought ***within one year from the date of the occurrence of the violation." 15 U. S. C., Sec. 1640 (e).

Attorneys for plaintiff and defendants have ably briefed the question involved herein. Our sister state courts have divergent opinions. Attorneys for both parties herein suggest that there are no controlling Florida appellate court decisions. However, plaintiff has cited the First District Court of Appeal case of *Gillis v.*

*Fisher Hardware Company,* 289 So. 2d 451, which held that a violation by a creditor of the Truth in Lending Act does not affect the validity and enforceability of the contract or obligation, but that the consumer is limited to the remedy provided by the Truth in Lending Act. The court in that case further held that a counter-claim by defendant debtor was barred by the federal one-year statute of limitations referred to above.

It is this court's opinion that *Shannon v. Carter,* 282 Oregon 449, 579 P.2d 1288, decided by the Oregon Supreme Court in 1978, reaches a just and equitable result. That case held that a defense by way of recoupment was barred when filed more than one year after the alleged violation by the creditor.

The Oregon court, in *Shannon,* stated —

> The primary purpose of 1640, entitled "Civil liability," is enforcement of the TILA, not compensation for injury that the debtor suffered. This is evidenced by the fact that the original act had no provision permitting the debtor to recover for actual damage suffered. The plaintiff states in her brief: "Congress intended private civil actions to be the primary method of enforcing the Truth in Lending Act." (Amici contend to the contrary.)

> Congress has provided that debtors bringing private civil actions to enforce the TILA must file their actions within one year from the date of the occurrence of the violation. It is not "unfair" or "unjust" to hold that if they fail to attempt to enforce the provisions of the act within the one year by affirmative action they are barred from doing it by way of defense. Whatever monetary gain debtors may receive from private civil action is primarily intended not as compensation for injury to debtors but as a deterrent for lenders.

> It may be argued that usually debtors will first become aware of violations of the TILA when the debtor become delinquent, is sued by the creditor, and the debtor consults an attorney; and this is frequently more than one year after violation. If this is a practice so common that we should accept it as a legislative fact, the practice certainly would have been brought to the attention of Congress and caused it either to provide for a longer statute of limitations or to provide that the statute does not apply to claims made by way of defense.

To the same effect, see: *Beneficial Finance Company v. Wade,* Hamilton County Municipal Court, Hamilton County, Ohio, reported in Paragraph 97,811, Commercial Clearing House Consumer Credit Guide.

On the basis of the foregoing authorities the court finds that plaintiff is entitled to recover compensatory damages based upon defendants' default.