In re Fred W. CRAIG, Martha L. Craig, Debtors.

Fred W. CRAIG, Martha L. Craig, Plaintiffs,

v.

BARCLAYS AMERICAN FINANCIAL, INC., Defendant.

Bankruptcy No. 1–79–01522.
Adversary Proceeding No. 1–79–0169.

United States Bankruptcy Court,
E. D. Tennessee.

Dec. 29, 1980.

Edwin M. Riddle, Southeast Tennessee Legal Services, Cleveland, Tenn., for plaintiffs.

John Edgar Brown, III, Cleveland, Tenn., for defendant.

RALPH H. KELLEY, Bankruptcy Judge.

The debtors brought this suit against the defendants, Barclays, to recover the statutory damages for failure to make disclosures required by the Truth-in-Lending Act and the regulations thereunder—specifically 15 U.S.C. § 1601 *et seq.* and Regulation Z,

12 C.F.R. § 226. The damages allowed by the statute are twice the finance charge. 15 U.S.C. § 1640(a). The debtors seek to recover or be allowed a set-off of twice the finance charge for each debtor.[1]

The debtors' bankruptcy case has been dismissed, but the court retained this adversary proceeding because there is a statute of limitations problem. Consideration of that problem requires a summary of relevant events in the bankruptcy case and as to the truth-in-lending claim.

The debtors' truth-in-lending claim arises out of a loan that Barclays' made to them on January 30, 1979. About ten months later, the debtors filed a petition in bankruptcy under Chapter 13 of the Code. Under Chapter 13, of course, the debtors proposed a plan to pay their debts or some part of them.

On May 29, 1980, the debtors brought this suit against Barclays. At the time their bankruptcy case was continuing under Chapter 13. There is nothing on the record to indicate the Chapter 13 trustee's intention as to this suit. The debtors did not claim any recovery or set-off as exempt property.

On July 22, 1980, the debtors converted their Chapter 13 case to a liquidation case under Chapter 7. They claimed any recovery or set-off in this suit as exempt. The trustee filed a no-asset report, in effect, abandoning any claim to this suit. Thereafter the debtors' case was dismissed.

■ A truth-in-lending claim for damages under 15 U.S.C. § 1640(a) must be brought within one year from the date of the violation. 15 U.S.C. § 1640(e). A violation occurs when the borrower becomes obligated to the lender without the proper disclosures having been made. *Wachtel v. West*, 344 F.Supp. 680 (E.D.Tenn.1972) *aff'd* 476 F.2d 1062 (6th Cir. 1973) *cert. den.* 414 U.S. 874, 94 S.Ct. 161, 38 L.Ed.2d 114 (1973). The alleged violation in this case had to have occurred on January 30, 1979, when

the loan was made, the debtors signed the necessary obligations, and Barclays issued the disclosure statement.

The debtors did not bring this suit within one year thereafter. Barclays contends that the suit is therefore barred by the statute of limitations in 15 U.S.C. § 1640(e). The debtors contend that their bankruptcy, within one year from the date of the alleged violation, preserved their right to sue past the one year limitation.

■ They rely first on § 108 of the Bankruptcy Code, 11 U.S.C. § 108 (1979). The relevant part provides:

(a) If applicable law ... fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action before the later of—

(1) the end of such period, including any suspension ... occurring on or after the commencement of the case; and

(2) two years after the order for relief.

That provision is patterned after § 11(e) of the Bankruptcy Act, 11 U.S.C. § 29(e) (1976). It provides in part:

A receiver or trustee may, within two years subsequent to the date of adjudication or within such further period of time as the Federal or State law may permit, institute proceedings in behalf of the estate upon any claim against which the period of limitation fixed by Federal or State law had not expired at the time of the filing of the petition in bankruptcy.

The court has found no cases directly in point under § 108 of the code but has found one case under § 11(e) of the Act: *In re Dickson*, 432 F.Supp. 752 (W.D.N.C.1977). In that case the debtors filed a petition under Chapter XIII within one year from the date of the truth-in-lending violation but didn't file suit until more than a year had elapsed. The Chapter XIII trustee joined in the suit. The court held that the

---

1. Under prior law the debtors' truth-in-lending claim would have passed to the trustee. *Murphy v. Household Finance Corp.*, 560 F.2d 206 (6th Cir. 1977). The court does not believe that

the Bankruptcy Code changes the rule, except in concept. The claim becomes part of the estate that the trustee may use. 11 U.S.C. §§ 541, 323 (1979).

statute of limitations barred the debtor's suit but not the trustee's, because § 11e extended the time for the trustee but not the debtors.[2]

Section 108, like § 11(e), does not expressly extend the time within which debtors may bring suits not barred at the time of filing. It appears that § 108 was not meant to extend the time for debtors. It does not help the debtors in this suit.

■ There is no other provision in the Bankruptcy Code specifically extending the time within which debtors may bring suit. The debtors have not argued that even without a specific provision, bankruptcy should extend the time within which debtors may sue. That apparently was not the rule under prior law. *In re Dickson*, above. It does not appear that dismissal of a bankruptcy case changes the effect of bankruptcy on the running of limitations periods against the debtor. 11 U.S.C. § 349 (1979).

Furthermore, it is not clear what the debtors have lost by dismissal of their bankruptcy case. They have lost the right to have the trustee pursue claims that they could not. Neither trustee was interested in pursuing the truth-in-lending claims, though the debtors might have forced the Chapter 13 trustee to take up the suit.[3] The benefit of suit by the trustee against a creditor depends mostly on continuation of the bankruptcy case. If the bankruptcy case is dismissed, the benefit depends on the usability by the debtors of a trustee's judgment and on whether they could use their claims for set-off though they could not bring suit.[4] Those factors are themselves interrelated.

In any event, there is nothing that the court can do in this adversary proceeding to give the debtors the benefit, whatever it is, of the trustee's right to sue. The debtors may of course seek to have their case be reinstated.[5] Therefore this suit will be dismissed because barred by the statute of limitations.

This memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 752.

---

**2.** The court assumes that § 108 may extend the time for the trustee even if the statute of limitations is considered "substantive" or a condition precedent. See also *United States ex rel. Baruch v. Paul Hardeman, Inc.*, 260 F.Supp. 723 (M.D.Fla.1966). But see *Rust v. Quality Car Corral, Inc.*, 614 F.2d 1118 (6th Cir. 1980); *In re Appalachian Publishers, Inc.*, 29 F.Supp. 1021 (E.D.Tenn.1939).

**3.** An interesting but irrelevant case is *Binnick v. Avco Financial Services* in which a creditor was allowed to set-off a discharged debt against a truth-in-lending claim. 435 F.Supp. 359 (D.Neb.1977).

**4.** *Shannon v. Carter*, 282 Or. 449, 579 P.2d 1288 (1978) *cert. den.* 439 U.S. 1090, 99 S.Ct. 873, 59 L.Ed.2d 57 (1979) (Recoupment not allowed); *Continental Acceptance Corp. v. Rivera*, 50 Ohio App.2d 338, 40 Ohio Op.3d 287, 363 N.E.2d 772 (1976) *cert. den.* 434 U.S. 857, 98 S.Ct. 180, 54 L.Ed.2d 129 (1978) (Recoupment allowed).

**5.** As to the effect of reinstatement under § 108(a) see 2 Collier on Bankruptcy ‘ 108.03 (1st ed. 1979); 1A Collier on Bankruptcy ‘ 11.13[2.1] (14th ed. 1974).