In re Louise Hixson GASKINS, Debtor.

Louise Hixson GASKINS, Plaintiff,

v.

METROPOLITAN HOME IMPROVE-MENT CENTER, INC., and United Companies Mortgage of Tennessee, Inc., Defendant.

Bankruptcy No. 1–87–01794.
Adv. No. 1–88–0187.

United States Bankruptcy Court,
E.D. Tennessee.

April 6, 1989.

Harry Cash of Brown, Dobson, Burnette, & Kesler, Chattanooga, Tenn., for plaintiff.

Eron Epstein of Epstein & Epstein, Chattanooga, Tenn., for defendant, Metropolitan Home Imp. Center, Inc.

Fred T. Hanzelik & Lynn McCurdy of Hanzelik & Associates, Chattanooga, Tenn., for defendant, United Companies Mortg.

## MEMORANDUM

RALPH H. KELLEY, Chief Judge.

One defendant, Metropolitan Home Improvement, has filed a motion to dismiss on the ground that the complaint is barred by the statute of limitations. The other defendant, United Companies Mortgage, filed a motion to dismiss for failure to state a claim upon which relief could be granted.

At the hearing on the motions, the court granted the plaintiff time to amend the complaint in response to the motion by United Companies Mortgage and denied the motion. Of course, United Companies Mortgage can raise the same defense again in response to the amended complaint.

This memorandum deals only with the statute of limitations defense raised by Metropolitan Home Improvement. The facts are as follows.

### July 14, 1983

The plaintiff signed a contract with Metropolitan Home Improvement to do some work on her house on Ocoee Street in Chattanooga.

The complaint is unclear as to how it came to be, but there is a mortgage on the house to secure payment for the work, and it has been assigned or sold to United Companies Mortgage or was executed to United Companies Mortgage—the complaint is unclear on this point also. In any event, United Companies Mortgage has a recorded mortgage on the plaintiff's house, and the plaintiff alleges that the mortgage was obtained by fraud.

### June 5, 1986

The plaintiff sued the defendants in state court to void the contract and the mortgage or to obtain other relief.

### July 9, 1987

The plaintiff voluntarily dismissed the state court lawsuit.

### September 9, 1987

The plaintiff filed a chapter 13 bankruptcy case. In her chapter 13 plan, she proposed to pay United Companies Mortgage and catch up an arrearage, but United Companies Mortgage did not file a proof of claim before the last day allowed for filing.

### September 15, 1988

The plaintiff filed this lawsuit in bankruptcy court to void the home improvement contract and the mortgage for fraud or other reasons or for different relief in the alternative.

## DISCUSSION

Metropolitan Home Improvement argues that the plaintiff's suit, to the extent it is based on fraud, is barred by the statute of limitations since the plaintiff failed to bring this suit until more than five years after she signed the home improvement contract.

The court should point out that the complaint alleges grounds for recovery other than fraud. The complaint includes a claim for breach of the home improvement contract, if the contract can not be voided, and claims for misrepresentation and violation of the consumer protection statutes. The plaintiff and defendant have not argued about the limitations period on these other claims. Metropolitan's statute of limitations argument applies only to the plaintiff's argument that the contract and mortgage should be voided because of fraud or deceit by Metropolitan.

The plaintiff argues that the three-year statute of limitations for damage to real property is the shortest that may apply. Tenn.Code Ann. § 28–3–105 (Repl.1980); *Vance v. Schulder,* 547 S.W.2d 927 (Tenn. 1977); *Swauger v. Haury & Smith Contractors, Inc.,* 512 S.W.2d 261 (Tenn.1974). The court agrees.

The plaintiff brought suit in state court within the three years, but that suit was dismissed in July, 1987. However, the Tennessee saving statute gave the plaintiff one year after the dismissal in July, 1987, to re-file the suit without being barred by the statute of limitations. Tenn.Code Ann. § 28–1–105 (Repl.1980). The plaintiff did not re-file the suit within the year allowed by the savings statute, but she did file her chapter 13 bankruptcy case within the year. The plaintiff argues that the filing of the chapter 13 case halted the running of the year allowed by the savings statute and gave her at least two years after the

filing of the chapter 13 case to re-file the suit without being barred by the statute of limitations. This lawsuit was filed within that two years.

The plaintiff bases her argument on Bankruptcy Code § 108(a). Section 108(a) does stop or "toll" the running of a state limitations period that has not run against the debtor before bankruptcy. 11 U.S.C.A. § 108(a). The plaintiff has a problem with relying on § 108(a). The court will return to the problem shortly. First, however, the court should point out that the plaintiff has not relied on Bankruptcy Code § 522(h) and the bankruptcy trustee's avoiding powers under §§ 544, 547, or 548. 11 U.S.C.A. §§ 522(h), 544, 547, & 548.

Section 522(h) allows a debtor in some situations to use the trustee's avoiding powers to avoid a transfer of property that could otherwise be exempted. Under § 522(h) and the trustee's avoiding powers, state limitations statutes appear to be irrelevant, except that they may apply to a suit under § 544(b).

Some courts have allowed chapter 13 debtors to use the trustee's avoiding powers even when § 522(h) did not allow it. There is a disagreement among the courts as to whether a chapter 13 debtor can use the trustee's avoiding powers anytime the trustee fails to sue or only if either § 522(h) applies or the recovery will be used to increase the payment to unsecured creditors under the chapter 13 plan. See *In re Houston,* 96 B.R. 717 (Bankr.W.D. Tex., 1989) (Judge Clark); *In re Freeman,* 72 B.R. 850 (Bankr.E.D.Va.1987). The court need not decide. The court merely wanted to point out that the statute of limitations can be a bar to the complaint in its present form since it does not rely on the trustee's avoiding powers under § 522(h) or otherwise.

This brings the court back to the plaintiff's problem with relying on Bankruptcy Code § 108(a). Section 108(a) specifically extends the time for the bankruptcy trustee, not for the debtor who is in bankruptcy.

Section 108(a) should apply to a suit by the debtor in the place of the bankruptcy trustee. If the suit is in another court, the debtor would be wise to have an order from the bankruptcy court showing that the debtor is suing for the benefit of the bankruptcy estate. In this case, there is no agreement with the chapter 13 trustee authorizing the plaintiff to bring this suit for the benefit of the bankruptcy estate, but since the suit is in this court, the court should be able to decide from the facts if the suit is for the benefit of the bankruptcy estate.

For example, this court held in an earlier case that the debtors could not rely on § 108(a) to extend the time for them to bring a Truth–in–Lending suit against one of their creditors. *In re Craig,* 7 B.R. 864, 7 Bankr.Ct. Dec. 22 (Bankr.E.D.Tenn.1980). The court held the suit was barred by the statute of limitations.

The bankruptcy case was a chapter 7 liquidation case. The trustee had abandoned all the property, including the debtors' Truth–in–Lending claims. There were no assets to be distributed. Thus, any recovery by the debtors could not have been for the benefit of the bankruptcy estate. As a result, the debtors were not entitled to the benefit of § 108(a).

There is another reason why the court should be able to decide whether this suit is for the benefit of the bankruptcy estate without regard to whether there is a preexisting agreement for the debtor to sue on the trustee's behalf. The chapter 13 trustee generally is interested only in receiving the regular payments under the plan. He will leave the debtor to bring lawsuits or objections to claims that may affect the rights of a particular creditor. ·

Of course, a chapter 13 plan could include a provision that the trustee must bring suit or object to a claim, but as a practical matter, the trustee will want the debtor to pay the trustee's costs and attorney's fees as the suit goes ahead, and in that case the debtor may as well bring the suit herself.

This brings the court to the ultimate question of whether this suit is for the benefit of the bankruptcy estate. Benefit to the bankruptcy estate is easy to see

when the suit may extinguish a claim or produce money to be paid on claims, but these obvious measures of benefit to the bankruptcy estate are not absolute requirements even in a chapter 7 liquidation case. *In re Tennessee Wheel & Rubber Co.,* 64 B.R. 721, 14 Bankr.Ct.Dec. 1166, 15 Coll. Bankr.Cas.2d 882 (Bankr.M.D.Tenn.1986). In a chapter 13 case the question of whether the debtor's lawsuit is for the benefit of the bankruptcy estate can be more difficult.

This suit may reduce or completely do away with a claim against the estate, or it may change the claim from secured to unsecured.

The defendants could argue that this does not prove benefit to the bankruptcy estate because either result will not guarantee an increase in the percentage to be paid on unsecured claims or a shortening of the time that it will take to pay the unsecured claims as provided in the plan.

The defendants could also argue that the effect of this suit on their claim can not benefit the bankruptcy estate because they failed to file a timely proof of claim, and as a result do not have an allowed claim.

The court disagrees with both arguments.

By failing to file a proof of claim, the defendants may have been trying to avoid the chapter 13 case and force the plaintiff back into state court after completion of her chapter 13 case (on the assumption that the debtor can not object to an unfiled claim). On the other hand, if this lawsuit were an objection to a filed claim, the plaintiff's fraud allegations would be like a defense to the claim, and fraud as a defense might not be barred by the statute of limitations. The parties have not addressed this question. The point is that the defendants' failure to file a proof of claim should not allow them to prevent this lawsuit from being for the benefit of the bankruptcy estate.

Finally, the court finds it hard to see how a suit by a chapter 13 debtor to avoid an allegedly fraudulent mortgage on her home could be unbeneficial to the bankruptcy estate. Even if the suit does not affect the payment to creditors under the chapter 13 plan, the benefit to the chapter 13 debtor of avoiding a home mortgage procured by fraud should be a benefit to the bankruptcy estate.

The court doubts that it should make any difference to whether or not this proceeding is for the benefit of the bankruptcy estate, but confirmation of the plaintiff's chapter 13 plan did not re-vest the property of the bankruptcy estate in her because the plan provided otherwise. 11 U.S.C.A. § 1327(b) & (c).

Finally, the court must point out that the plan proposed payments on the mortgage debt, but the failure of either defendant to file a proof of claim leaves the effect of the plan on the claim and the mortgage unclear. This lawsuit is simply another attempt by the plaintiff to deal with the defendants' claim. The outcome of this suit will affect the present plan, and if the plaintiff is successful, it will lead to a modification of the plan. Either way, a lawsuit that may change the way the chapter 13 plan must deal with a particular claim should be viewed as a lawsuit for the benefit of the bankruptcy estate.

The court concludes that § 108(a) extended the time for the plaintiff to bring this suit. The court will reconsider the issue again if necessary in the light of further developments in this case.

The court will enter an order denying the motion to dismiss.

This memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 7052.