Argued December 5, 1977, writ dismissed March 28, petition for rehearing denied by opinion May 23, 1978

See 282 Or 415, 579 P2d 222

STATE ex rel REDDEN, *Plaintiff-Relator,*

*v.*

VAN HOOMISSEN, *Defendant.*

(SC 25196)

576 P2d 355

Catherine Allan, Assistant Attorney General, Salem, argued the cause for plaintiff-relator. With her on the briefs were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Alex Christy, Portland, argued the cause and filed a brief for defendant.

HOLMAN, J.

## HOLMAN, J.

This is an original proceeding in mandamus brought by the state against a circuit court judge to compel him to vacate an order granting a new trial in a criminal case. One Robinson was convicted of robbery in the second degree in a jury trial before defendant. Thereafter, Robinson filed a motion for a new trial which was granted by defendant by an order entered March 4, 1977. An application for a writ in this court was made by the state on May 10, 1977, and an alternative writ issued to which defendant filed affirmative defenses, one of which was that of laches.

Assuming that a proceeding in mandamus is otherwise proper in the present circumstance, we nevertheless conclude that the writ should be dismissed because the application was not timely. Had the prevailing party against whose interest the new trial was granted been any litigant but the state in a criminal matter, there would have been a right to appeal. There is no statutory provision for an appeal by the state in such a circumstance. *See* ORS 138.060. The state is attempting, through mandamus, to vindicate a right which would have been asserted by anyone else through the medium of an appeal. An appeal has to be filed within 30 days from the allowance of the motion for a new trial. ORS 138.071(2)(a). While we know of no statutory or common law authority directly in point one way or the other, the following general language is found in *Nelson v. Baker et al,* 112 Or 79, 94-95, 227 P 301, 228 P 916 (1924):

> "* * * It is difficult to lay down any fixed rule as to the time when the writ will be barred. It may be said in a general way that it must be brought within the period fixed for that particular form of civil action or proceeding which may be brought to enforce the right which is the subject of the writ; * * *."

It seems reasonable to us that the state should have had no more time in which to prosecute a proceeding to vindicate its right than anyone else would have had

who challenges an order granting a new trial. All of the reasons which induced the legislature to limit the time to 30 days for the filing of an appeal in such a circumstance would be equally applicable to the state's application for a writ of mandamus.

The writ is dismissed because the relator failed to apply for the writ within 30 days of the entry of the order granting a new trial.