On plaintiff-relator's petition for rehearing submitted April 17,
rehearing denied May 23, 1978
See also 281 Or 647, 576 P2d 355

STATE ex rel REDDEN, *Plaintiff-Relator,*

*v.*

VAN HOOMISSEN, *Defendant.*

(SC 25196)

579 P2d 222

Catherine Allan, Assistant Attorney General, James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem, for the petition.

Alex Christy, Portland, contra.

HOLMAN, J.

**HOLMAN, J.**

The state has petitioned for a rehearing from our determination that the time within which the state may seek to mandamus a judge to retract an order granting a new trial in a criminal case is limited to 30 days, the same length of time within which to take a criminal appeal. The state now contends that the 30-day period was an insufficient length of time within which to apply for a writ because it could not get a transcript of the proceeding in the trial court in that length of time.

The transcript involved was not of the trial of the case but was of the hearing on the motion for a new trial. The principal grounds for the application for a new trial concerned two occurrences out of the presence of the trial judge—one in the hall of the courthouse and the other in the street. The facts were presented by way of affidavits. There was no testimony taken upon the motion. It is our opinion that the 30 days provided sufficient time to secure such a transcript and that, in any event, a transcript was not essential prior to application for the writ. The state tries to make it appear that a transcript was necessary because it allegedly would have demonstrated that the judge specified inadequate reasons for his decision. However, the language which he used appeared in the order for a new trial that the District Attorney drew for him, which language was stricken from the order by the judge when he signed it. This demonstrates that (1) the judge probably had second thoughts concerning the grounds upon which he granted the motion, and (2) the language which he used was available to the state at that time.

Because of the foregoing reasons, we are of the opinion that the petition should be denied. However, it is evident that a situation could exist in which a transcript of an entire trial might be essential to an application for a writ, and, if so, a period of 30 days within which to file a writ would probably then be

inadequate. As a result, a modification of the rule we stated in our original opinion is in order. We retain the 30-day rule but modify it to the extent that if the application for the writ demonstrates to this court's satisfaction that a transcript was necessary, that 30 days was an inadequate length of time within which to secure a transcript, and that due diligence has been exercised, the application for the writ will, nevertheless, be considered on its merits.

The petition for rehearing is denied.