Original proceeding in habeas corpus,
petition denied August 4, 1981

In the Matter of the Application of
Thomas R. Treadwell for a writ of
Habeas Corpus.

TREADWELL,
*Plaintiff-relator,*
*v.*
PRICE,
*Defendant.*

(SC 27977)

633 P2d 768

Dennis A. Hachler, Pendleton, filed petition for writ of habeas corpus for plaintiff-relator.

Stephen F. Peifer, Assistant Attorney General, filed memorandum in opposition to writ of habeas corpus for defendant.

Linde, J., dissenting.

**LINDE, J.,** dissenting.

In a petition for a writ of habeas corpus, Thomas R. Treadwell alleges that he is unlawfully imprisoned by the defendant Sheriff of Union County by virtue of an improper denial of "bail." Justice Lent and I believe that, whether or not petitioner would ultimately prevail, the writ should issue in order to inquire into the merits of his claim.

It appears from memoranda filed by petitioner and by the state on behalf of the sheriff on March 4, 1981, petitioner was indicted on a charge of murder and a warrant was issued for his arrest. He was arrested on April 1, 1981, and imprisoned in the Union County jail. On April 22, 1981, after hearing evidence and argument on the issue of petitioner's release pending trial, the court denied a security release.

The Oregon Constitution, Art I, § 14, and ORS 135.240[1] provide that a defendant shall be released upon specified conditions unless he is charged with murder (or treason) and a magistrate determines that "the proof is evident, or the presumption strong" that the defendant is guilty. The "strong" likelihood of guilt refers to "guilt specifically of murder, not merely of some degree of culpable homicide," and "the evidence should at least be clear and convincing." *Haynes v. Burks,* 290 Or 75, 79, 619 P2d 632 (1980). "The magistrate must be shown information at the hearing from which he can make his own independent determination whether there is admissible evidence against an accused that adds up to strong or evidence proof of guilt." 290 Or at 89.

---

[1] Or Const Art I, § 14:

"Offences (sic) except murder, and treason, shall be bailable by sufficient sureties. Murder or treason, shall not be bailable, when the proof is evident, or the presumption strong."

ORS 135.240:

"(1) Except as provided in subsection (2) of this section, a defendant shall be released in accordance with ORS 135.230 to 135.290.

"(2) When the defendant is charged with murder of treason, release shall be denied when the proof is evident or the presumption strong that the person is guilty.

In summary, the law postulates pretrial release, even in many homicide cases, on terms designed to secure the defendant's appearance for trial. It does not allow preventive custody. *See Sexson v. Merten,* 291 Or 441, 631 P2d 1367 (1981). Release may be denied outright (or by indirection, *compare Knutson v. Burks,* referred to in *Owens v. Duryee,* 285 Or 75, 80, 589 P2d 1115 (1980)) 285 Or 75, 80 (1980)) only when a magistrate can make an independent determination that evidence admissible against an accused clearly and convincingly shows him guilty of murder.

Here the circuit court's order recited a finding in the statutory terms that "the defendant is not entitled to have bail set because he is charged with Murder and the proof is evident or the presumption strong that he is guilty thereof." The word "presumption" in the formula does not allow anything less than a conclusion based on evidence. *See Haynes v. Burks, supra,* 290 Or at 89, n. 13. Petitioner contends that the evidence on which the circuit court denied his security release was the uncorroborated testimony of an accomplice which would be legally insufficient to support a conviction.[2] Evidence insufficient as a matter of law to support a conviction of murder, of course, is also insufficient to support a denial of security release pending trial.

In responding on behalf of the sheriff to the petition for the writ of habeas corpus, the Department of Justice makes three arguments. First, it contends that the petition is an attempt to appeal an interlocutory order and "untimely" by analogy to a petition for writ of mandamus filed later than an appeal could be, citing *State ex rel Redden v. Van Hoomissen,* 281 Or 647, 576 P2d 355, *reh den* 282 Or 415, 579 P2d 222 (1978). The startling suggesting that an otherwise meritorious claim for release by writ of habeas corpus could ever be untimely, or that imprisonment under an "interlocutory" order is immune from the writ, perhaps can be laid to the habits of *ad hoc* advocacy. One who is unlawfully imprisoned

---

"(3) The magistrate may conduct such hearing as he considers necessary to determine whether, under subsection (2) of this section, the proof is evident or the presumption strong that the person is guilty."

[2] *See* ORS 136.440. Petition also objected that the state did not disclose the name of the witness to defendant before the hearing, which he claims is required by ORS 135.815.

does not forfeit his right to *habeas* by enduring a period of custody before seeking the writ.

Second, the response argues that the testimony of the accomplice was corroborated by other testimony that a knife, which may have been the murder weapon, was found where the accomplice said that defendant threw it. The response accepts that the witness was an accomplice. As only the accomplice's testimony linked the knife to defendant, whether this legally constitutes corroboration is a debatable issue that justifies issuance of the writ. Beyond this, the response argues, third, that the requirement of corroboration of accomplice testimony applies to "conviction" of crime, ORS 136.440, but not to the standard for imprisonment before trial. As this extraordinary denial of pretrial freedom depends on "evident proof" or "clear and convincing evidence" of guilt, the argument seems less than plausible; in any event, it deserves scrutiny by issuing the writ and hearing the case.

The persuasive strength of legally sufficient evidence is for the magistrate's judgment, not for review by *habeas corpus. See Haynes v. Burks, supra* at 78. Nor would every disputed procedural or evidentiary ruling at the release hearing call for such review. The issue is otherwise when the legal standards governing the evidence are themselves in question. That is true concerning the necessity and the definition of "corroboration" in this case. If this would make a genuine legal issue on appeal after a conviction, surely it deserves scrutiny when a petitioner is imprisoned before being convicted of anything. Perhaps such scrutiny would result in affirming the propriety of denying this petitioner's pretrial release. But the way to face that question is to issue the writ of habeas corpus.

Lent, J., would also allow the petition.