Argued and submitted November 21, 1984, affirmed in part, reversed in part
June 5, 1985

## STATE OF OREGON,
*Respondent,*

*v.*

## TIMOTHY ALAN HENDERSON,
*Appellant.*

(M357822, M357823; CA A31477 (Control), A31478)

701 P2d 482

Jan Peter Londahl, Portland, argued the cause for appellant. With him on the brief was Bennett, Londahl & McCandlish, Portland.

Linda DeVries, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

Defendant appeals convictions, after a trial to a jury, for driving under the influence of intoxicants (DUII), ORS 487.540, and failure to perform the duties of a driver at the scene of an accident (hit and run). ORS 483.604(2). We affirm the DUII conviction and reverse the judgment for hit and run.

About midnight on June 27, 1983, Rupert Henry was at his home in Portland when he heard squealing tires and what sounded like a crash. He ran outside and saw defendant's car travel slowly along the street, turn the corner and a slow moving car go over a curb onto a neighbor's parking strip and then park on the street. Automobile parts were lying on and near Henry's driveway, but his property was not damaged. An officer arrived and arrested defendant, who had returned to the area after having walked away on foot.

Defendant argues that the trial court erred in denying his motion for judgment of acquittal on the hit and run charge. ORS 483.602(2) provides:

"(2) The driver of any vehicle involved in an accident *resulting only in damage to fixtures or property legally upon or adjacent to a highway* shall:

"(a) Take reasonable steps to notify the owner or person in charge of such property of such fact and of the driver's name and address and of the registration number of the vehicle the driver is driving.

"(b) Upon request and if available, exhibit the operator's or chauffeur's license of the driver.

"(c) Make report of such accident as required in ORS 483.606 to 483.610." (Emphasis supplied.)

Defendant's position is that, to establish a violation of this statute, the state must prove that he was involved in an accident that resulted in damage and that the state failed to prove that defendant caused damage when he ran over the curb onto the parking strip of Henry's neighbor.

Henry testified that he saw the car drive over a curb. The arresting officer testified that defendant admitted driving over the lawn. On cross-examination, defendant admitted

that he drove over the parking strip.[1] The state argues that that evidence is more than sufficient for a jury to find defendant guilty of hit and run, when considered in conjunction with the following:

"Q:  Mr. Henry, when you came home that evening, was there a tailpipe lying in your driveway?

"A:  No.

"Q:  Did you see any damage to the immediate parking strip beside where you drove up your car into the driveway?

"A:  No.

"Q:  Were you out in that area during the evening?

"A:  Yes.

"Q:  Were you able to see that if there had been any [damages] here?

"A:  Yes.

"Q:  Would you remember that?

"A:  Yes.

"Q:  And was it fresh damage at the time you looked at it that evening at 12:00?

"A:  Well, I'm only relating to the events.

"Q:  Just the best you can do.

"A:  There could have been a car with a very quiet system that might have done it sometime prior. I really can't say exactly."

■        The gap in the state's case is proof of "damage." There is none. The state argues that the proof is contained in the pronoun "it" used by Mr. Henry in the last answer, but the referent of the pronoun is not specific. "It" might have referred to "fresh damage." However, in the context of the testimony, the pronoun equally might refer to the "tailpipe" or "the events." There was no testimony that any damage in fact existed or, if it did, of what it consisted. Defendant's motion for acquittal on the charge should have been granted.

---

[1] Defendant assigns error to the cross examination of him about the accident after the state rested on the hit and run charge. There was no error. The questions as to where defendant drove and how he drove were relevant to the DUII charge about which he had testified. *See State v. Cruse,* 231 Or 326, 372 P2d 974 (1962). Defendant's constitutional objections were not raised at trial, and we will not consider them for the first time on appeal. *State v. Hickman,* 273 Or 358, 540 P2d 1406 (1975).

■    Defendant also challenges his conviction and sentencing for a Class A Misdemeanor on the charge of driving under the influence of intoxicants. Relying on *State v. Cho,* 297 Or 195, 681 P2d 1152 (1984), defendant argues that he could only be convicted of and sentenced for a violation, because the state did not prove a culpable mental state. Defendant did not raise that issue in the trial court but argues that it should be considered on appeal, because he challenges the statutory authority of the court in imposing a specific sentence. *See State v. Braughton,* 28 Or App 891, 893 n 2, 561 P2d 1040 (1977). Defendant's challenge is not to the sentencing authority but rather to an element of the offense, and he has failed to preserve the error. We decline to address it.

CA A31477 affirmed; CA A31478 reversed.