Argued and submitted May 3, motion to dismiss granted and alternative writ
dismissed September 29, 1988

STATE ex rel EXE,
*Plaintiff-Relator,*

*v.*

HARGREAVES,
*Defendant.*

(TC Nos. 10-85-01489, 10-87-00232; SC S34593)

761 P2d 1314

J. Michael Alexander, Salem, argued the cause for defendant. With him on the briefs was Burt, Swanson, Lathen, Alexander & McCann, Salem.

David Gernant, Portland, filed a responding brief and argued the cause for plaintiff-relator.

George A. Riemer, General Counsel, Lake Oswego, filed a brief of *amicus curiae* for Oregon State Bar.

Ross M. Shepard and Thomas S. Sermak, Eugene, filed a brief of *amicus curiae* for Oregon Criminal Defense Lawyers Association.

CARSON, J.

## CARSON, J.

This mandamus proceeding involves two cases. As in *State ex rel Ray Wells, Inc. v. Hargreaves,* 306 Or 610, 761 P2d 1306 (1988) (also decided today), the question presented was the constitutionality of the judge-disqualification statutes. In both *Wells* and this proceeding, alternative writs were issued. In each proceeding, the defendant filed a motion to dismiss. In *Wells,* we held ORS 14.250 and 14.260(1), as amended by Oregon Laws 1987, chapter 338, to be constitutional. Here, however, we conclude that the affidavits required by statute were insufficient to support relator's motions to disqualify.

In both cases involved in this proceeding, relator's attorney filed the following affidavit:[1]

"I, [name of attorney], being first duly sworn upon oath, do depose and say:

"I am the attorney retained to represent [relator].

"Based upon my personal experiences before [the challenged judge], my observations of other hearings before [the challenged judge], and on the results of other hearings that I have been made aware of by various means, it is my *good faith* and reasonable belief that [relator] would not receive a fair and impartial hearing before [the challenged judge] in the above-captioned case.

"I make this affidavit in support of [relator's] Motion to Disqualify Judge. All of the statements contained herein are true to the best of my knowledge and belief." (Emphasis added.)

These affidavits fail to assert that they were made both "in good faith *and* not for the purpose of delay." ORS 14.260(1). (Emphasis added.) Relator's attorney only asserted his "good faith." The statute requires both. The affidavits were insufficient to support relator's motions to disqualify the judge.[2] *See State ex rel Yraguen v. Dorroh,* 270 Or 834, 835-36, 530 P2d 29 (1974).

---

[1] A second affidavit, in support of a motion to postpone sentencing and to reconsider, also was filed. To the extent that it might be relevant, it suffers from the same defects hereinafter discussed.

[2] The *motions* to disqualify contained an assertion that they were not filed for the purpose of delay and were signed by the attorney. *See* ORCP 14 and 17 A. However, the legislature has seen fit to require the inclusion of the "no delay" assertion in the affidavit.

Defendant's motion to dismiss is granted and the alternative writ is dismissed.