OREGON STATE BAR,
*Plaintiff,*

*v.*

WRIGHT,
*Defendant.*

STATE ex rel OREGON STATE BAR,
*Respondent,*

*v.*

WRIGHT,
*Appellant.*

(76-1522; CA A45141)

772 P2d 1366

Robert J. Wright, Noti, filed the brief *pro se* for appellant.

Terence J. Hammons, and Hammons, Mills & Spickerman, Eugene, filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

### RICHARDSON, P. J.

Defendant appeals a judgment of contempt for violation of an order enjoining him from practicing law. Plaintiff Oregon State Bar (OSB) obtained the underlying restraining order in 1977, *Oregon State Bar v. Wright,* 280 Or 693, 573 P2d 283 (1977), which stated:

> "It is therefore Ordered, Adjudged, and Decreed that the Defendant be, and he is permanently restrained and enjoined from engaging in the unauthorized practice of law. Specifically, Defendant is hereby permanently restrained and enjoined from furnishing legal advice, becoming an attorney of record in any court, drafting legal documents or negotiating legal cases or claims for any other person except himself as provided by statute."

On July 3, 1985, OSB, through private counsel, moved for an order to show cause why defendant should not be held in contempt for violating the restraining order.[1] In an accompanying affidavit, it alleged that, between 1981 and 1985, defendant had engaged in 30 separate acts constituting the unauthorized practice of law. On January 23, 1987, it filed a supplemental motion to show cause and an affidavit alleging that, between 1985 and 1986, defendant had taken part in another 29 acts constituting the practice of law.[2]

At the hearing on March 5, 1987, defendant admitted that he had committed the acts alleged, but he asserted that those activities are not the practice of law. The trial court concluded that each act constituted the unauthorized practice of law and found him guilty of 59 separate acts of contempt. It sentenced him on only three of the acts[3] to pay $100 and serve 30 days in jail for each act of contempt.

Defendant raises nine assignments of error. He first

---

[1] The procedural history of this case also includes a 1977 finding that defendant violated a temporary injunction. The Supreme Court reversed that order of contempt. *State ex rel Oregon State Bar v. Wright,* 280 Or 713, 573 P2d 294 (1977).

[2] The acts complained of concerned defendant's participation in numerous trusts, his work on pleadings and demurrers in various lawsuits, his assistance in the filing of a petition for Supreme Court review and his advice regarding a land sale and a lease.

[3] Defendant's sentences and fines were imposed for his involvement in three different lawsuits.

contends that the court erred in denying his motion challenging OSB's use of private counsel.[4] He argues that, as a state agency, OSB was required to be represented by the Department of Justice. Without a legislative exclusion or an exception by the Attorney General, all legal affairs of the state must be handled by the Department of Justice. ORS 180.220(1)(b); *Frohnmayer v. SAIF*, 294 Or 570, 660 P2d 1061 (1983). OSB is excluded from application of ORS 180.220 by ORS 9.010.[5] Defendant contends, however, that OSB could not rely on that exclusion, because the pertinent portion of the statute did not become effective until July 9, 1985, and OSB's motion for an order to show cause was filed on July 3, 1985. *See* Or Laws 1985, ch 446, § 4. However, defendant raised his challenge on August 9, 1985, and the court considered it on August 27, when OSB was specifically authorized to use private counsel.

Defendant next contends that the court erred by not ruling on his demurrer or motion to make more definite and certain or, alternatively, to dismiss. The court continued with the proceeding without specifically ruling on the demurrer or motion. We treat the court's silence and continuation of the proceedings as a denial. Although defendant raised numerous contentions in the demurrer and motion, he raises only one argument on appeal: Many of the acts alleged are barred by the six-month limitation period in ORS 131.125(2)(c). According to defendant, that is the appropriate Statute of Limitation, because the proceeding was a "criminal contempt" for a "violation" of a restraining order.

 Because the penalty was imposed for a completed contempt, we agree that the action was a "criminal contempt." *See State ex rel Hathaway v. Hart*, 300 Or 231, 235,

---

[4] Defendant also contends that OSB failed to notify the Attorney General of the action as required by ORS 9.555(1). However, he did not raise this contention below, and we will not review it for the first time on appeal. *State v. Henderson*, 74 Or App 54, 57, n 1, 701 P2d 482 (1985).

[5] ORS 9.010 provides, in part:

"The bar is subject to the following statutes applicable to public bodies: ORS 30.210 to 30.312, 30.390, 30.400, the Oregon Rules of Civil Procedure, ORS 192.410 to 192.505, 192.610 to 192.690, 244.010 to 244.040, 297.110 to 297.230, ORS chapters 307, 308 and 311, ORS 731.036 and 737.346. However, the bar is not subject to any other statute applicable to a state agency, department, board or commission or public body unless such statute expressly provides that it is applicable to the Oregon State Bar."

ORS 180.220 does not provide that it applies to OSB.

708 P2d 1137 (1985); *State ex rel Oregon State Bar v. Lenske,* 243 Or 477, 405 P2d 510, 407 P2d 250 (1965), *cert den* 384 US 943 (1966). However, criminal contempt proceedings are not subject to ORS 131.125(2), because those time restrictions apply only to the commencement of a "criminal action," as defined in ORS 131.005(6). Criminal contempt proceedings do not fall within the definition of a "criminal action." *State ex rel Hathaway v. Hart, supra; State ex rel Oregon State Bar v. Lenske, supra.* There is no specific limitation associated with a contempt proceeding; consequently, the limitation in ORS 12.140 requiring commencement within 10 years applies.

■ Defendant next challenges the court's imposition of jail sentences as being in excess of statutory limitations. He first argues that the court was not authorized to impose the sentences, because it did not find that his contempt caused injury or prejudice to a party. ORS 33.020(1) provides that, before a jail sentence may be imposed for an indirect contempt,

> "it must appear that the right or remedy of a party to an action, suit or proceeding was defeated or prejudiced thereby * * *."

The statute does not require the court to memorialize findings in the order of contempt. Moreover, defendant did not designate a transcript of the hearing as part of the record on appeal, and there is nothing for us to review.

Defendant also contends that imposition of three separate $100 fines was not authorized, because they were based on acts barred by the six-month Statute of Limitation. ORS 131.125(2)(c). As already explained, the applicable limitation is 10 years. ORS 12.140.

Defendant next contends that the court erred in denying his motion for a change of venue. That claim of error does not warrant discussion. The court also denied defendant's contention, by way of affidavits of prejudice, that two judges should be disqualified from hearing the matter. However, the affidavits are not sufficient under ORS 14.260(1). *State ex rel Exe v. Hargreaves,* 306 Or 626, 628, 761 P2d 1314 (1988).

Defendant next contends that he should not have been denied appointed counsel, because the decision that he is

not indigent was based on his wife's assets. *See* ORS 33.095. Although the record confirms that defendant was denied appointed counsel, nothing, other than defendant's statement to the judge, indicates that his wife's assets were the basis of the denial. We cannot say on this record that the court abused its discretion.

Defendant, in his sixth assignment, argues that the court interfered with his constitutional right to a speedy trial when it granted OSB's motion for a postponement.[6] Or Const, Art I, § 10. Even assuming that the right to a speedy trial applies to a contempt proceeding, nothing in the record indicates that the postponement interfered with that right. Determining whether one's right to a speedy trial has been denied requires us to weigh the length of the delay, the reason for delay and the prejudicial effect of the delay. *See State v. Timpy,* 76 Or App 370, 376, 709 P2d 739 (1985), *rev den* 300 Or 546 (1986). The court granted the two-month postponement so OSB could depose defendant. Although defendant immediately claimed his right to a speedy trial in his response to OSB's request, he did not explain the prejudicial effect of the delay, if any. Accordingly, we cannot say on this record that defendant was denied the right to a speedy trial.

Defendant next contends that the pleadings do not support the judgment, because the acts did not constitute the practice of law. We interpret this argument as a challenge to the sufficiency of OSB's affidavits.[7] The initiatory motion and affidavits in a contempt proceedings must set out the facts showing a *prima facie* case for contempt. ORS 33.040; *State ex rel Jordan v. Jordan,* 79 Or App 290, 292, 719 P2d 50 (1986). The affidavits accompanying the motions explained defendant's involvement in numerous trusts and litigations. There were sufficient facts to make a *prima facie* case of contempt.

Defendant next challenges the court's application of

---

[6] Defendant also contends that the court interfered with his right to a speedy trial by a second postponement that the court granted on its own motion. However, he did not object to the postponement, and we will not review the contention for the first time on appeal. *State v. Henderson, supra.*

[7] OSB argues that defendant failed to preserve his right to raise this contention on appeal. However, he challenged the sufficiency of the motion and affidavit in a demurrer and a motion to dismiss.

the law to the facts.[8] He admitted at the hearing that he had committed the acts alleged but argued that they could not constitute the practice of law because, in each case, he was merely representing himself. However, the acts found to have been committed fit within the statutory restrictions on the practice of law, *see* ORS 9.160 to 9.400, and defendant does not challenge the controlling statutes. The court's legal conclusion was correct.

Finally, defendant contends that the evidence does not support the court's findings of fact. However, he did not supply a sufficient record for our review of that issue; consequently, we cannot examine the correctness of the trial court's findings. *Jewell v. Compton,* 276 Or 1031, 1038, 557 P2d 650 (1976), *modified* 277 Or 93, 559 P2d 874 (1977).

Affirmed.

---

[8] Defendant, in his final three assignments, reiterates his Statute of Limitation arguments and his contention that the court failed to find that a party was prejudiced to support the imposition of a jail sentence. We need not re-address those arguments.