Argued and submitted November 2, 1989, the decision of the Court of Appeals on issue of applicable period of limitation for initiating criminal contempt proceeding reversed; the judgment of the circuit court reversed and case remanded to circuit court for further proceedings January 11, reconsideration denied February 22, 1990

OREGON STATE BAR,
*Plaintiff (below),*

*v.*

WRIGHT,
*Defendant (below).*

STATE ex rel OREGON STATE BAR,
*Respondent on Review,*

*v.*

WRIGHT,
*Petitioner on Review.*

(76-1522; CA A45141; SC S36242)

785 P2d 340

Robert J. Wright, Noti, argued the cause and filed the petition for review *pro se.*

Terence J. Hammons, of Hammons, Mills & Spickerman, Eugene, argued the cause and filed a response brief for respondent on review.

Jas. Adams, Assistant Attorney General, Salem, argued the cause for *amicus curiae* Oregon Attorney General. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Robert C. Homan, Eugene, argued the cause for *amici curiae* American Civil Liberties Union of Oregon, Inc. and Oregon Criminal Defense Lawyers Association. With him on the brief was William L. Tufts, Eugene.

LINDE, J.

**LINDE, J.**

The issue before us is the applicable period of limitation, if any, for initiating criminal contempt proceedings.

In 1978, plaintiff Oregon State Bar obtained from the Lane County Circuit Court an order enjoining defendant from the unauthorized practice of law in accordance with the mandate of this court in *Oregon State Bar v. Wright,* 280 Or 693, 573 P2d 283 (1977). On July 3, 1985, the Lane County Circuit Court issued an order to show cause why defendant should not be held in contempt for 30 violations of the injunction that the Bar alleged to have occurred between 1981 and 1985. On January 23, 1987, the court issued a supplemental order to show cause based on the Bar's allegations of 29 additional acts of unauthorized practice. Defendant maintained that his acts did not constitute the practice of law. The circuit court disagreed and found defendant guilty of 59 acts of contempt, sentencing him to a fine of $100 for each act and 30 days in jail for each of three acts.

On appeal, defendant contended, *inter alia,* that the applicable period of limitation for criminal contempt proceedings is the six month period specified for "violations" under the criminal code, *former* ORS 131.125(2)(c). The Bar maintained that violations of an injunction are not "violations" within the meaning of the criminal code, *see* ORS 161.565,[1] and that no other period of limitation for criminal contempts is provided by any statute other than the 10-year period for "any cause not otherwise provided for" found in ORS 12.140.

The Court of Appeals agreed with the Bar. It wrote: "There is no specific limitation associated with a contempt proceeding; consequently, the limitation in ORS 12.140 * * * applies." *Oregon State Bar v. Wright,* 96 Or App 375, 379, 772 P2d 1366 (1989). We allowed review only on that issue.

---

[1] ORS 161.565 provides:

"An offense is a violation if:

"(a) The offense is so designated in the statute defining the offense;

"(b) The statute prescribing the penalty for the offense provides that the offense is punishable only by a fine, forfeiture, fine and forfeiture or other civil penalty; or

"(c) The offense is declared to be a violation for purposes of the particular case, as provided in subsection (2) of this section."

■ We reverse the holding that criminal contempt proceedings may be initiated as long as ten years after the act alleged to constitute the contempt. Rather, we hold that enforcement of equitable restraining orders or injunctions is subject to the equitable limitation of laches, which ordinarily is guided by the most closely analogous statute of limitations.

In the Court of Appeals, plaintiff took the position that the action was subject to laches. So did the Attorney General and the American Civil Liberties Union and the Oregon Criminal Defense Lawyers Association in briefs amicus curiae. It seems to be agreed that laches applies to the enforcement of equitable orders as well as to obtaining such orders, unless a statute provides otherwise.

■ The Attorney General, citing *State ex rel Oregon State Bar v. Lenske,* 243 Or 477, 405 P2d 510, 407 P2d 250 (1965), *cert den* 384 US 943, *reh den* 384 US 1028 (1966), suggests that to limit the permitted time (or other aspects) of criminal contempt proceedings by legislation would contravene the separation of powers.[2] *Lenske,* which held that courts could not be "unreasonably" limited to a maximum contempt penalty of $100, often is cited for overly broad generalities. However, *Lenske's* narrower statement that legislative regulation may not go so far "that the court's power is substantially impaired or destroyed," 243 Or at 494-95, is the established test for the constitutionality of such measures. *State ex rel Frohnmayer v. Oregon State Bar,* 307 Or 304, 309-11, 767 P2d 893 (1989); *State ex rel Emerald PUD v. Joseph,* 292 Or 357, 362, 640 P2d 1011 (1982); *Sadler v. Oregon State Bar,* 275 Or 279, 291-93, 550 P2d 1218 (1976). The statement in *Lenske* that this rule follows "because the legislature cannot take away a power which it does not give," 243 Or at 493, was unnecessary to the decision and is erroneous; the fact that a court has power to

---

[2] Article III, section 1, of the Oregon Constitution states the separation of powers as follows:

"The powers of the Government shall be divided into three seperate (sic) departments, the Legislative, the Executive, including the administrative, and the Judicial; and no person charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this Constitution expressly provided."

Arguments that a law violates the "separation of powers," as in this case, often do not claim that lawmakers are performing official judicial duties contrary to Article III; the more relevant citation is to the judicial article, Or Const, Art VII (Amend), §§ 1, 2.

act in some area of law without awaiting legislation does not mean that the legislature "invades" judicial power if it legislates in that area.[3] The question here is not a court's summary punishment of a contempt "committed in the immediate view and presence of the court," ORS 33.030. Rather, it concerns contempt consisting of the later disobedience of an injunction, authorized by ORS 9.166, which legislation may supersede altogether, as illustrated in the statutes ending labor injunctions. *See Wallace v. International Ass'n,* 155 Or 652, 673, 63 P2d 1090 (1937). The Attorney General's constitutional argument therefore is unfounded. The statute governing injunctions against unauthorized practice of law, ORS 9.166, might have specified time limits but did not. There is no constitutional obstacle to letting a statute of limitations serve as a presumptive guide to a court's analysis of laches in a contempt proceeding.

■ In the past, we have looked to statutes of limitations to define a presumptively reasonable period within which one is not guilty of laches in seeking equitable action. *See, e.g., Mattson v. Commercial Credit Business Loans,* 301 Or 407, 420, 723 P2d 996 (1986) (laches in conversion action analogized to statute of limitations for noncontractual injuries); *Albino v. Albino,* 279 Or 537, 568 P2d 1344 (1977) (laches in asserting constructive trust analogized to statute of limitations for implied contracts); *see also,* for an approximation of "reasonable time" apart from laches, *Ellis v. Roberts,* 302 Or 6, 18-19, 725 P2d 886 (1986). *Cf. State ex rel Redden v. Van Hoomissen,* 281 Or 647, 576 P2d 355, *reh den* 282 Or 415, 579 P2d 222 (1978) (application for writ of mandamus held untimely after statutory time for opposing party's right to appeal had expired). The public policy toward criminal prosecutions, set out in ORS 131.125, bases the length of the period within which to seek punishment for misconduct on the gravity of the offense as indicated by the maximum punishment provided for the offense. The maximum punishment for criminal contempts is a fine of $300 or imprisonment for six months, or both, if it appears that "the right of a remedy of a

---

[3] *See SER Acocella v. Allen,* 288 Or 175, 180, 604 P2d 391 (1979) (upholding statute limiting use of the public defender while acknowledging courts' "inherent power" to appoint counsel for indigent defendants); *see also* Armstrong, *Oregon Survey, Constitutional Law,* 56 Or L Rev 387, 391 (1977) (describing statutes governing judicial procedure).

party to an action, suit or proceeding was defeated or prejudiced" by the contempt; otherwise, the maximum punishment is a $100 fine. ORS 33.020. Because a criminal offense with a maximum sentence of imprisonment for six months is a misdemeanor, *see* ORS 161.545, the relevant period of limitation for purposes of analogy is two years.[4]

This rigid limitation does not apply directly to contempts but applies as a presumptively reasonable period for purposes of determining whether the criminal contempt proceeding is barred by laches. A defendant has the burden to show laches before the statutory period; a plaintiff has the burden to disprove laches after the statutory period. *Wills v. Nehalem Coal Co.*, 52 Or 70, 90, 96 P 528 (1908). If applied in this case, the statutory two-year period would bar prosecution of any of the first set of alleged violations of the injunction prior to July 3, 1983, or of the second set prior to January 23, 1985.

The trial court's findings of fact did not identify the date of each of the 59 violations for which Wright was convicted. From the plaintiff's affidavits, it is apparent that some of the charges referred exclusively to acts occurring more than two years earlier. The limited record provided to this court does not indicate whether either side undertook to prove or disprove the specific elements of laches with respect to one or more of the alleged violations. Accordingly, we reverse and remand the proceeding to the circuit court.

On remand, the circuit court shall determine whether the order to show cause was filed within two years of each act listed therein and whether the amended order to show cause was filed within two years of each act listed in it. If the circuiit court finds that any violation was prosecuted within two years of its commission, the court shall enter a new judgment of conviction for that violation, unless the court finds that defendant has proved laches on that charge. If the circuit court finds that the Bar has proved it was not guilty of laches with

---

[4] *Former* ORS 131.125(2)(b) (now ORS 131.125(5)(b)) provided:

"(2) Except as provided in subsection (3) of this section or as otherwise expressly provided by law, prosecutions for other offenses must be commenced within the following periods of limitations after their commission: * * * (b) For any misdemeanor, two years."

respect to any presumptively barred violation, the court shall enter a new judgment of conviction for that violation as well.

The decision of the Court of Appeals on the issue of the applicable period of limitation for initiating a criminal contempt proceeding is reversed. The judgment of the circuit court is reversed and the case is remanded to the circuit court for further proceedings consistent with this opinion.