STATE ex rel MacCOLL,
*Plaintiff-Relator,*

*v.*

ROBERTS et al,
*Defendants.*

(SC S36470)

785 P2d 358

Greg Wasson, Salem, for petition.

No appearance *contra.*

ORDER DENYING RECONSIDERATION OF ORDER DENYING PETITION FOR WRIT OF MANDAMUS.

Petition for reconsideration denied.

FADELEY, J., dissented and filed an opinion. Linde, J., joins in this dissent.

---

* Order denying petition for writ of mandamus dated 11/20/89.

**FADELEY, J.,** dissenting.

A circuit judge by order "enjoined and restrained" the Multnomah County Director of Elections "from placing on any ballot a measure referring Metro Resolution No. 89-1053 to the voters of the Metropolitan Service District." The order was entitled "Order and Preliminary Injunction" and was effective "pending a further order of this court." This interlocutory order is still in place. No appealable final judgment has been entered. Petitioner, who seeks the writ to vindicate an alleged state constitutional right to vote on an issue, is not a party and can not appeal in any event.

I dissent from the part of this court's order which continues denial of an alternative writ of mandamus. In my view, an alternative writ directed to the circuit judge should be issued that requires him to show his authority for preventing a public vote on the issue raised in the referendum petition.

## I

The preliminary injunction does not disclose what authority the circuit judge relied upon. However, when the Multnomah County District Attorney certified a ballot title to the elections director for use in the future election on the referred measure, his letter of transmittal included a footnote referring to *Monahan v. Funk,* 137 Or 580, 3 P2d 778 (1931). The footnote, in part, stated: "This certification of ballot title implies no expression of opinion whether the contents of the resolution constitute 'municipal legislation' subject to the referendum power, Oregon Constitution, Article IV, Section 1(5)." The *Monahan* case appears to be distinguishable rather than controlling.

In *Monahan v. Funk, supra,* a majority of voters approved issuing bonds to establish a municipal garbage incinerator. The measure approved specifically authorized the city council to "acquire real property" as a location for the incinerator. Thereafter the council adopted an ordinance to buy a specific 295-acre parcel upon which to construct that facility. Petitioners in that case then sought a second public vote by way of a referendum of the real property purchase ordinance. In the instant case there has been no public vote yet.

In *Monahan* the local government elections official

refused to file the referendum petition on the ground that the ordinance was administrative, rather than legislative, and thus was not subject to the referendum. In the instant case, the circuit judge enjoined the local elections official from placing the issue on the ballot for a vote and did so at the behest of a private party, not the elections official.

In *Monahan* the bond issue measure approved by the voters specifically included approval of purchasing real property on which to construct the incinerator. In the instant case it is arguable that policy decisions concerning the disposal program are made by adoption of the resolution on which a referendum is sought. The elected Metropolitan Service District Commissioners, by earlier resolution, prevented the executive head of the district from entering into the garbage transportation program until they approved the current resolution. The decision whether to use barge, rail, or truck as part of a long-term solution was deferred to be made as part of the resolution in question. The resolution's effect is very similar to granting a long-term exclusive franchise to provide a municipal service.

## II

There may be a timeliness question of substance related to the petition for the writ of mandamus filed September 11, 1989, against an injunction signed July 12 and entered July 14, 1989. But the resolution of that question is not a foregone conclusion by which petitioners would lose in all events under our decided cases. The filing is within the 60-day period which this court declared applicable to challenges of constitutional amendments proposed by the initiative where the challenge alleged a violation of the one-subject rule for proposed amendments. *State ex rel Fidanque v. Paulus,* 297 Or 711, 688 P2d 1303 (1984) (over 60 days was laches in a mandamus case). A declaratory judgment action and a statutory appeal attacking a ballot measure as unsuitable for a vote were held to be barred after a "reasonable time" of 60 days from certification by the elections official for collection of signatures. *Ellis v. Roberts,* 302 Or 6, 725 P2d 886 (1986) (doctrine of laches not applicable but reasonable time to limit action, in absence of statutory limitation, was 60 days). Thus opponents of a ballot measure are given 60 days to enter this court or a circuit court to challenge the measure. Arguably, the

same time should be allowed for a proponent to enter this court to uphold a measure.

In this mandamus proceeding petitioners were not a party to the action in which the injunction against the election official was granted. In *State ex rel Bunn v. Roberts,* 302 Or 72, 726 P2d 925 (1986), this court noted that the time when a petitioner for mandamus was considered to be on notice of the election-related decision was not determined by when an election's official first arrived at the view that an estimate of financial impact of a ballot measure was warranted. Rather, notice was considered to occur when the final decision to place a financial impact estimate on the ballot measure was required by statute to be made, that is, 90 days before an election on the measure. 302 Or at 81. Leeway of an added five days — to within 85 days before the election — was established in *Bunn, supra,* as the deadline for filing a mandamus, under the facts of that case, concerning the need for a financial impact statement. In the instant case, the petition for the writ of mandamus was filed much more than 90 days before the election to which the Metropolitan Service District resolution was to be referred. *See* ORS 255.335 (setting regular election dates for special districts).

On the other hand, where a *party* seeks mandamus to overturn an intermediate order of the trial judge entered during the course of ongoing litigation, this court has instituted a time limit of 30 days after entry of the offending order in which to file the petition for the writ. This court-made rule was adopted by analogy to the statutory period within which a *party* may appeal. 281 Or at 649-50. *State ex rel Redden v. Van Hoomissen,* 281 Or 647, 576 P2d 355, *reh den* 282 Or 415, 579 P2d 222 (1978). In *State ex rel Redden v. Van Hoomissen, supra,* the opinion denying rehearing modified the strict 30-day rule by specifying some circumstances under which the 30-day deadline would be extended by the court. 282 Or at 418. This court has not since opined about that court-made rule, nor has the legislature amended the mandamus statutes to impose any time limit. ORS 34.105 to 34.240.

Although the local initiative and referendum statutes have been extensively revised in recent years, they contain no limitation of time within which to file a petition for writ of mandamus "in an attempt to save from injury the initiative

[and referendum] process so important to the people of this state." *OEA v. Phillips,* 302 Or 87, 89, 727 P2d 602 (1986).

In view of "the great value ascribed to the exercise of the initiative power by the people, by the Oregon Constitution, and the courts," *State ex rel Fidanque v. Paulus, supra,* 297 Or at 718, I would allow this petition in part. I would issue an alternative writ (1) to determine whether the circuit court had any authority to order the local elections official to keep the issue off the ballot and (2) to decide what time limit should be set by this court for a petition for mandamus seeking to vindicate a referendum, as against an interlocutory injunction barring it from the ballot, where the writ was sought by a voter who was not a party to the injunction proceeding.

Linde, J., joins in this dissent.