No. 1045      December 3, 2025      443

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL SCOTT GIBSON,
*Defendant-Appellant.*

Josephine County Circuit Court
23VI124596; A184972

Matthew G. Galli, Judge.

Submitted October 16, 2025.

Michael S. Gibson filed the brief *pro se*.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Elise Josephson, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

AOYAGI, P. J.

Conviction for failure to carry proof of compliance with financial requirements reversed and remanded; otherwise affirmed.

**AOYAGI, P. J.**

Defendant appeals a judgment convicting him of three traffic violations, raising various claims of error. The state concedes that the trial court erred in finding defendant guilty of failure to carry proof of compliance with financial responsibility requirements, ORS 806.012, without considering whether he had timely provided proof of insurance to the clerk of the court. We accept that concession as well-taken and, accordingly, reverse and remand as to that offense. We otherwise affirm.

*Sufficiency of the evidence.* Defendant argues that the evidence was legally insufficient to prove improper execution of a left turn or failure to drive within a lane. Even if defendant had preserved a legal sufficiency challenge for appeal, which he did not, the evidence was legally sufficient to allow the court to find those violations. That is, whether defendant committed those violations was properly a matter for the fact finder, not something to be decided as a matter of law. *See Shepler v. Weyerhaeuser*, 279 Or 477, 484, 569 P2d 1040 (1977) (the task of the trier of fact "is to weigh the evidence, judge the credibility of the witnesses and the reliability of their testimony, and to resolve all conflicts in the evidence").

*Location of incident.* To the extent that defendant argues that he was deprived of the opportunity to prepare for trial because, during the stop, the officer told him that he saw the initial turn take place outside Home Depot, when it was actually outside Diamond Home Improvement, we conclude that the citation cured any potential lack of adequate notice to defendant by correctly identifying the location where both violations were alleged to have taken place. *Cf. State v. Bravo-Chavez*, 343 Or App 326, 332, 578 P3d 725 (2025) (noting that, as to criminal charges, "[d]efendants have state and constitutional rights to notice of the charges against them").

*Claim of jury trial right.* Defendant contends that the trial court erred in denying his request for a jury trial. "[I]n a criminal prosecution, Article I, section 11, [of the Oregon Constitution] provides the accused with the right

to a jury trial \*\*\*." *State v. Whitten*, 278 Or App 627, 629, 379 P3d 707 (2016). However, "[p]ursuant to ORS 153.076, certain constitutional protections that apply in criminal prosecutions do not apply in violation proceedings. In that vein, ORS 153.076(1) \*\*\* provide[s] that '[v]iolation proceedings shall be tried to the court sitting without jury' \*\*\*." *Id.* Because this proceeding was for violations, defendant did not have the right to a jury trial under the Oregon Constitution. To the extent that defendant relies on the Seventh Amendment to the United States Constitution as the source of a jury trial right, that amendment does not apply to proceedings in state courts. *See, e.g.*, *Minneapolis & St. Louis R.R. Co. v. Bombolis*, 241 US 211, 217, 36 S Ct 595, 60 L Ed 961 (1916) ("[T]he 7th Amendment applies only to proceedings in courts of the United States, and does not in any manner whatever govern or regulate trials by jury in state courts, or the standards which must be applied concerning the same.").

 *Trial judge disqualification*. Defendant asserts that the trial court erred in denying his motion to disqualify the trial judge. In a declaration in support of the motion, defendant stated as follows: "Honorable Judge WOLKE has ruled on a previous case. Unable to receive a fair trial because how he ruled in a civil matter. Ignoring facts presented. Unwarranted and unlawful threat of arrest." The court did not err in denying defendant's motion. Under ORS 14.260(1), one of the requirements for a motion to disqualify is that the movant file a supporting affidavit, which must include a representation that the motion is made "'in good faith and not for the purpose of delay.'" *State ex rel Exe v. Hargreaves*, 306 Or 626, 628, 761 P2d 1314 (1988) (quoting ORS 14.260(1); emphasis omitted). Because defendant failed to file an affidavit containing the required representation, his filing was necessarily legally "insufficient to support" the motion, *id.*, and the trial court did not err in denying it.

 *Proof of insurance*. Defendant challenges the court's entry of a conviction for failure to carry proof of compliance with financial requirements, ORS 806.012, without considering defendant's submission of proof of insurance to the clerk of court. A person commits the violation of failure to

carry proof of compliance with financial requirements "if the person operates a motor vehicle in this state and does not have in the vehicle current proof of compliance with financial responsibility requirements." ORS 806.012(1). However, ORS 806.012(4) provides that "[t]he court shall dismiss any charge under this section if, prior to the court appearance date listed on the citation, the person charged delivers to the clerk of the court named on the citation proof of compliance with financial responsibility requirements at the time of the violation."

In this case, defendant represented to the trial court that he had provided proof of insurance to the clerk of court—a representation that is supported by the trial court file. Although defendant raised the issue late in the proceeding, he did raise it, the state does not challenge preservation, and we conclude that the purposes of preservation were adequately served. The court declined to consider the issue, treating it as irrelevant to whether defendant had driven without carrying proof of insurance. The court thus never considered, for example, whether defendant's submission was timely under ORS 806.012(4). We agree with the parties that the trial court erred in failing to consider whether ORS 806.012(4) was satisfied. Accordingly, we reverse that one conviction and remand for further proceedings relating to the application of ORS 806.012(4).

Conviction for failure to carry proof of compliance with financial requirements reversed and remanded; otherwise affirmed.